IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JEAN ANGLIN, | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NUMBER: CV221-14 |
| BI LO, LLC d/b/a WINN DIXIE STORE NUMBER 19, and ASSA ABLOY ENTRANCE SYSTEMS US INC., | * |
| Defendants. | * |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, JEAN ANGLIN, who files this her Complaint against the Defendants, BI LO, LLC d/b/a WINN DIXIE STORE NUMBER 19, and ASSA ABLOY ENTRANCE SYSTEMS US INC., and shows the Court as follows, to-wit:

### PARTIES

1. The Defendant, BI LO, LLC, hereinafter referred to as WINN DIXIE, is a limited liability company with its principal place of business at 8928 Prominence Parkway, #200, Jacksonville, Florida, 32256. The Defendant does business as "Winn Dixie" in Glynn County, Georgia, at its location at 220 Retreat Village, St. Simons Island, Glynn County, Georgia, where the incident which is the subject of this matter occurred.

2. The Defendant, ASSA ABLOY ENTRANCE SYSTEMS US INC. hereinafter referred to as "ASSA ABLOY" is a North Carolina corporation with its principal place of business being located at 1900 Airport Road, Monroe, NC, 28110, and which has designated C T Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046-4805, as its registered agent for service of

process in the state of Georgia.

3. The Plaintiff is a resident of Glynn County, Georgia, and therefore there is complete diversity of citizenship between the Plaintiff and all of the Defendants, and the amount in controversy exceeds the amount of $75,000.00, exclusive of interest and costs, thereby conferring jurisdiction upon this Court pursuant to USC 28 § 1332.

COUNT ONE
NEGLIGENCE OF WINN DIXIE

4. On June 4, 2020, and all other times relevant herein, the Defendant Bi Lo, LLC., operated the Winn Dixie store located at 220 Retreat Village, St. Simons Island, Georgia.

5. On June 4, 2020, the Plaintiff went to the aforesaid Winn Dixie Store to purchase merchandise, and she was therefore an invitee.

6. On the aforesaid date, as the Plaintiff was leaving the aforesaid Winn Dixie Store through a sliding door manufactured and maintained by Defendant Assa Abloy to return to her car, the said sliding door closed while the Plaintiff was in said doorway, thereby violently striking the Plaintiff and knocking her to the floor.

7. The Plaintiff shows that in the aforesaid incident, her left ankle was severely fractured.

8. The Plaintiff further shows that as a result of being struck by the door, the Plaintiff was transported from the Winn Dixie store to the Southeast Georgia Regional Medical Center in Brunswick, Georgia by ambulance.

9. The Plaintiff shows that once she arrived at the

Southeast Georgia Regional Medical Center, she was admitted to the hospital, where she underwent multiple surgeries to promote the injuries to heal.

10. The Plaintiff shows that she was hospitalized at the Brunswick Hospital until she was transported to Marsh's Edge on St. Simons Island, Georgia, where she was kept as an inpatient for several months until she was allowed to go home.

11. The Plaintiff shows that she continues to require regular medical attention, and that she is only able to move around with the use of a walker or other devices which allow the Plaintiff to stand and ambulate, and the Plaintiff's ankle is still in a boot which she is required to wear. Her injuries are still so severe that her ability to live her life continues to be severely impacted, and she is no longer able to drive a car.

12. The Plaintiff shows that as a result of this incident, she has received medical treatment costing as follows:

A. Bills for ambulance transportation to the hospital and from the hospital to Marsh's Edge in the amounts of $531.25, $658.00, $674.00, and $208.00;

B. Charges from Alta Anesthesia in the amount of $7,888.50;

C. Bills from the Southeast Georgia Health Systems in an amount in excess of $200,000.00;

D. Bills from Dr. Jake Porter and Cooperative Healthcare for the surgeries performed on the Plaintiff and subsequent treatment in the amounts of $209.00, $1,493.00, $701.00, $3,319.00, $244.00, $244.00, $284.00, $115.00, $115.00, $115.00, $1171.00;

E.   Charges from Frederica Imaging in the amount of $241.00, $27.00, and $32.00;

F.   Charges from Marsh's Edge exceeding $50,000.00;

G.   Charges from Guardian Pharmacy in the amount of $189.96;

H.   Charges from Coastal Cardiology;

I.   Charges from Imagining Associates of Georgia in the amount of 33.00;

J.   Charges from Laboratory Corporation of America in the amount of $100.00;

K.   Charges from Emergency Room Physicians in the amount of $4,138.00.

L.   Charges from Dr. James Greene in the amount of $124.00;

M.   Charges from Southeastern Pathology in the amount of $20.00;

N.   Charges from BJO, LLC in the amount of $335.04;

O.   Charges from Genesis Eldercare Rehabilitation Services in the amount of $960.00; and

P.   Charges from Bright Star in an amount in excess of $2,057.30;

13.   The Plaintiff shows that the door which closed on the Plaintiff was dangerous due to the failure of Defendant BiLo to exercise reasonable care to keep its premises safe, and the Defendant was also negligent in failing to adequately warn that the door could close while a person was in the doorway.

14.   A contributing proximate cause of the Plaintiff's injuries was the negligence of the Defendant Winn Dixie.

## COUNT TWO
## STRICT LIABILITY OF ASSA ABLOY

The Plaintiff repeats and re-alleges Paragraphs 1 - 14 as if the same were set forth herein verbatim.

15. The Plaintiff shows that the Defendant ASSA ABLOY ENTRANCE SYSTEMS US INC. is strictly liable to the Plaintiff because the door was unreasonably dangerous and/or defective, and Plaintiff shows that this defect was also a contributing cause of the Plaintiff's injuries.

16. The defendant ASSA ABLOY is also liable because of its negligence in installing, maintaining and/or repairing the aforesaid door, which Defendant did through its wholly owned subsisiary, DOOR CONTROL SYSTEMS.

WHEREFORE, the Plaintiff prays:

A.  That the Summons of process issue, and that the Defendants be served and required to Answer, all as provided by law;

B.  That the Plaintiff have judgment against the Defendants, jointly and severally, for past medical expenses, future medical expenses, and compensation for pain and suffering in an amount of not less than $1,000,000.00;

C.  That the Plaintiff be afforded a Trial by Jury; and

D.  For such other and further relief as to the Court that may seem just and proper.

s/W. Douglas Adams
Georgia Bar Number: 004650
W. DOUGLAS ADAMS
ATTORNEY FOR PLAINTIFF

1829 Norwich Street
Post Office Box 857
Brunswick, Georgia 31521-0857
T:(912) 265-1966/F:(912) 267-0777
Email:  WDAdams@WDALaw.biz